IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY SHELLEY, | § | |
| | § | No. 415, 2018 |
| Defendant, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. N9804001318 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff, | § | |
| Appellee. | § | |

Submitted: November 16, 2018
Decided: December 3, 2018

## **ORDER**

On August 10, 2018, the appellant, Leroy Shelley, filed a notice of appeal from the Superior Court's denial of his motion to recuse. A notice to show cause should have been issued directing Shelley to show cause why this appeal should not be dismissed because of this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal case.[1] On November 1, 2018, the Senior Court Clerk issued a notice directing Shelley to show cause why this appeal should not be dismissed for his failure to file an opening brief on or before October 11, 2018 as he was previously directed to do. Shelley failed to

---

[1] Del. Const. art. IV, § 11(1)(b). *See also Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding Supreme Court lacks jurisdiction to review interlocutory order in criminal case).

respond to the notice to show cause within the required the ten-day period, making dismissal deemed to be unopposed.

The Court concludes that this appeal should be dismissed under Supreme Court Rule 29(c). The notice of appeal, on its face, manifestly fails to invoke the jurisdiction of this Court. We further find that giving notice of the defect "would serve no meaningful purpose and that any response would be of no avail."[2]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(c), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] Supr. Ct. R. 29(c) (providing for dismissal *sua sponte* if the appeal "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail.").